[S. F. No. 1743.    Department Two.—December 14, 1899.]

JEAN PIERRE CAUHAPE, Administrator, etc., Appellant, v. SECURITY SAVINGS BANK et al., Respondents.

ACTION TO DETERMINE CLAIM TO MONEY—BANK DEPOSIT BY DECEASED PERSON—EVIDENCE—HEARSAY.—In an action to determine a claim of the plaintiff to money deposited in bank by a deceased person, the dividends upon which were made payable to the order of plaintiff, after evidence given of a conversation with the deceased person about the plaintiff, further evidence as to the prior acts and declarations of the father of the deceased person during his last illness is not admissible as being explanatory of how the conversation arose, and such further evidence is properly stricken out as hearsay.

ID.—MONEY HAD AND RECEIVED—EQUITABLE CLAIM TO DEPOSIT—TRUST—JURY TRIAL.—In an action against a savings bank for money had and received to plaintiff's use, and to determine the adverse claim of the executors of a deceased person to the money claimed, the adverse claim cannot be determined by a court of law; and where the bank expressed its willingness to pay the money as the court might determine, and the nature of the issues joined between the disputants and the evidence adduced thereupon showed that plaintiff is asserting an equitable claim to a deposit made by the decedent for her benefit, and is seeking a judgment in satisfaction of a trust, as against the executors, the action against them is in equity, and the plaintiff is not entitled to a jury trial of the issues joined with them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

A. F. Morrison, Edward J. Pringle, Pringle & Pringle, and Black & Leaming, for Appellant.

Appellant was entitled to the whole explanation of the conversation testified to with Mrs. Floyd. What was repeated to Mrs. Floyd by the witness Bowie and not denied was equivalent to a statement by her. (*Gillam v. Sigman*, 29 Cal. 637; *People v. McCrea*, 32 Cal. 98; *People v. Estrado*, 49 Cal. 171; *Smith v. Whittier*, 95 Cal. 279; Greenleaf on Evidence, 15th ed., sec. 100.) The trust in personal property was provable by parol, and resulted, as matter of law, from the direction of the father of Mrs. Floyd to make a payment to Mary Pond. (Civ. Code, sec. 2221; *Silvey v. Hodgdon*, 52 Cal. 363; *Hellman v. McWilliams*, 70 Cal. 449; *Doran v. Doran*, 99 Cal. 311; *Curdy v. Berton*, 79 Cal. 423; 12 Am. St. Rep. 157; *Williams v. Vreeland*, 32 N. J. Eq. 135; *Williams v. Fitch*, 18 N. Y. 546; 27 Am. & Eng. Ency. of Law, 54, note 4.) Plaintiff was entitled to a jury trial. The enforcement of an equitable right to money does not make the case one in equity, if no equitable remedy is sought. The legal action for money had and received is competent to enforce an equitable right to money. (1 Chitty on Pleading, 16th Am. ed., 362, note 2.) Equitable rights arising under simple contracts are recoverable at law. (*Dutton v. Poole*, 1 Vent. 318, 332; *Dutton v. Poole*, T. Raym. 202; *Martyn v. Hind*, 1 Cowp. 443; *Carnegie v. Waugh*, 2 Dowl. & R. 101, note C, 277; *Phelps v. Prothers*, 16 Com. B. 370; *Scrimshire v. Alderton*, Strange, 1182; *Coppin v. Walker*, 7 Taunt. 237, 241; *Morris v. Cleasby*, 1 Maule & S. 519, 581.)

Oliver P. Evans, and Sidney V. Smith, for Respondents.

The evidence of Bowie stricken out was properly stricken out as hearsay. The action was triable by the court and not by jury. (Code Civ. Proc., sec. 592; *McLaughlin v. Del Re*, 64 Cal. 473; *Cassidy v. Sullivan*, 64 Cal. 266; *Wheelock v. Godfrey*, 100 Cal. 578; *Fish v. Benson*, 71 Cal. 434, 435; *Walkerly v. Bacon*, 85 Cal. 137.)

TEMPLE, J.—Plaintiff in his complaint, besides showing the corporate character of the bank defendant and the representative character of the other defendants, simply avers that the bank is indebted to the plaintiff in the sum of three thousand and seventy-nine dollars and twenty cents for money had and

received for the use of the plaintiff, for which due demand has been made, and that the other defendants, as executors of the estate of Cora L. Floyd, deceased, claim and assert some right, title, or interest in or to said money, which claim is without right, and plaintiff asks that such executors be required to set forth the nature of their claims, and that the court adjudge them to be invalid, and that plaintiff is the owner of the money and that she have judgment against the savings bank for the amount. The bank answered, denying its indebtedness, and averred that Cora L. Floyd in her lifetime deposited in the bank three thousand dollars, which the bank still holds, and which is claimed by the other defendants as the property of the estate. The court is asked to determine between the claimants..

The executors answered, denying all the material allegations of the complaint, but aver that their testatrix in her lifetime deposited in the bank three thousand dollars, and at the time instructed the bank as follows:

"Please pay to Mary Pond, or order, the dividends on my term deposit account (for the sum of $3,000), No. 1356, until further notice.                    CORA L. FLOYD."

The deposit was made January 27, 1874, and Mary Pond, afterward Mary Cauhape, brought this action, but upon her death the present plaintiff was substituted. Dividends upon the deposit were paid to plaintiff's intestate until the death of Mrs. Floyd on the twenty-seventh day of February, 1891. The executors claim the deposit as part of the estate of Mrs. Floyd.

It was stipulated for the purposes of the trial that Henry A. Lyons, father of Mrs. Floyd, died testate, and by his will gave Mary Pond two thousand dollars, which was paid, and left the bulk of his estate to Mrs. Floyd. There is no further evidence as to the character or amount of property disposed of by the will of Henry A. Lyons.

Defendants had judgment, and plaintiff on this appeal makes two points: 1. The court erred in striking out certain evidence; and 2. In refusing a jury trial.

The evidence stricken out was part of an answer made by A. J. Bowie, a witness for plaintiff, whose deposition was taken upon commission by questions and answers. Having stated

that he was an intimate acquaintance of Mrs. Floyd and had conversed with her in reference to Mary Pond, he was asked this question: "How did such conversation or conversations begin? Who spoke first, and what was said? State fully and particularly all that was said by both parties, giving the words, if you remember them, if not, the substance of the conversation. A. Can't say who spoke first, but the matter came up in this way: Mr. Friedlander was alone with Judge Lyons one day during his last illness, when he sent for his daughter Cora and told her what his will was, and that he had left Mary Pond certain money in his will (two thousand or two thousand five hundred dollars, I believe) for her faithful services, and he wished Cora to give Mary Pond on his death five thousand dollars; and, turning to Mr. Friedlander, said: 'Now, Friedlander, I want you to be a witness to this.' Mr. Friedlander was one of his executors, and Judge Lyons' intimate friend. So it was, subsequently, in talking over these things with Mrs. Floyd, that incidentally the Mary Pond matter came up. Knowing her character so well, I incidentally asked her if she had paid Mary Pond that money, in accordance with her father's request. She answered," etc.

When the deposition was offered in court defendants' counsel moved to strike out all down to and including the words, "Now, Friedlander, I wish you to be a witness to this," as hearsay. The motion was granted, and plaintiff excepted.

Appellant contends that the recital must have been made in that conversation either by witness to Mrs. Floyd, or by Mrs. Floyd to witness, and in either event was relevant. But I cannot so understand the statement. The witness evidently thought the subject needed some explanation to enable the court to understand the conversation, and thereupon proceeded to recite, not what was a part of the conversation, but a circumstance which may have been familiar to him and Mrs. Floyd. He says that subsequently, in talking over these things, incidentally the Mary Pond matter came up, and knowing her so well he incidentally asked her if she had paid the money in accordance with her father's request.

The question could not properly have been said to be incidental, if either had during that conversation recited the event

narrated in answer to the question. The ruling was clearly right.

It is next contended that the court erred in denying to plaintiff a jury trial. So far as the bank is concerned, the complaint is for money had and received. As the complaint did not show that there was in the possession of the bank any special fund or money which could be the subject of controversy, it may be matter of doubt whether it states a cause of action against the executors of Mrs. Floyd. However, the relief asked against the executors is not such as a court of law could give. The bank denied the indebtedness, but admitted that it was possessed of a special deposit made by Mrs. Floyd, which was claimed both by the plaintiff and by the executors of Mrs. Floyd, and asked to have the matter determined, declaring its willingness to pay as the court should determine. This position was acquiesced in by the plaintiff and the other defendants, and there was, therefore, no issue to try with the bank. Plaintiff admits that the legal title to the money was in the estate, but contends that in equity it belonged to plaintiff. The argument is that Mrs. Floyd, by promising her father to pay plaintiff the three thousand dollars, prevented him from changing his will in favor of Mary Pond, and, therefore, the estate received by her from her father is charged in equity with a trust in favor of Mary Pond; and they further contend that when Mrs. Floyd made this deposit, instructing the bank to pay the dividends which should accrue upon it to Mary Pond, she created the fund to which the trust specifically attached.

There is much trouble with this theory as applied to the evidence, which it is not necessary to notice, but it is evident that plaintiff brings suit simply to enforce an equity and not "for money claimed as due upon contract, or as damages for breach thereof, or for injuries." (Code Civ. Proc., sec. 592.) The plaintiff seeks to recover a general money judgment in satisfaction of a trust.

I think, therefore, the relief demanded in the complaint, as against the executors, the issues made by the answer of the executors, the facts disclosed by the evidence, and the issues actually tried, all show that the action is in equity.

In such cases it has been held that the constitution does not

guarantee the right to a jury trial. (*Koppikus v. State Capitol Commrs.*, 16 Cal. 249.) The language of the constitution, it is said, has reference to the right as it existed at common law, and the right which was familiar to the people who adopted the constitution. They desired to secure and render inviolate the right which they understood and had always enjoyed. There is no reason to suppose they intended to extend the right of a jury trial to other cases. The decision cited above was made at an early day, and since that construction was placed upon it the constitution has been many times amended and this provision has always remained unaltered, and, in my opinion, wisely so. The ruling is in accord with the code provision.

The judgment is affirmed.

Henshaw, J., and McFarland, J., concurred.