[Civ. No. 4247.   Fourth Dist.   Aug. 28, 1951.]

IONE P. HOLT, Respondent, v. DAVID W. PARMER, Appellant.

H. G. Sloane and Hugo M. Fisher for Appellant.

White & Condra for Respondent.

BARNARD, P. J.—This is an action to establish a judgment of a sister state granting a divorce and providing for the support of a minor child.

The facts are not disputed. The plaintiff is the former wife of the defendant. In 1937, she obtained a judgment of divorce in the state of Georgia, where the parties resided. The defendant was personally served there and defaulted. The judgment provided for certain "alimony" payments to the plaintiff until she remarried, and further ordered the defendant to pay $50 per month for the support of a minor son until he reaches the age of 21 years. Both parties have since remarried, and there is no controversy with respect to payments for the benefit of the wife. The defendant left Georgia before the judgment was entered and for some years has resided in California. He has never made any of the payments for support of the child called for by that judgment.

The complaint in this action is in the usual form and the prayer is that the Georgia judgment be established as a foreign judgment; that it be enforced in the manner provided by law; that it be adjudged and decreed that a certain amount, with interest, is due; and for such other equitable relief as is proper.

The defendant set up a special defense, challenging the validity of the judgment on the ground that it was procured by extrinsic fraud in that the trial judge and the wife's attorney, in the Georgia action, did certain things "in the nature of fraud, which dissuaded him from raising a defense on the merits, or contesting the action." In this regard, he alleged that on June 5, 1937, he was served with "process" requiring him to appear and answer in the divorce action on the third Monday in July, 1937, and was also served with an order to appear on June 11, 1937, to show cause why a petition for temporary alimony should not be allowed; that he appeared before the judge on June 11; that in the presence of the judge and of his wife's attorney he "related his defense" and told them of several acts of misconduct on the part of his wife; that the judge said he did not blame him, that he would not grant the application for alimony or maintenance, and that he would trust him to do what was right by his son when he was financially able to do so, and further advised him "to put 3000 miles between himself and the

plaintiff''; that his wife's attorney also expressed sympathy for him and took him out to dinner; that he was thus led to believe that no further proceedings for a money judgment would be taken, if he would leave the state; that "in reliance on such belief" he left Georgia and later came to California, where he has resided since 1938; and that by reason of these facts he "did not have the benefit of a fair adversary trial in such Georgia action." The prayer was that the plaintiff be denied any relief based upon any judgment "purporting to have been rendered in such action."

The court refused the defendant's demand for a jury and proceeded to try the cause, finding in all respects in favor of the plaintiff. Among other things, it found that the Georgia judgment had been duly and properly entered; that the material allegations of the defendant's special defense are all false; that he did not leave Georgia in reliance upon any representations made by the judge or the plaintiff's attorney in the other action; and that he married his present wife in 1940, in reliance upon that judgment as terminating his marriage with the plaintiff, and with full knowledge of all of its terms. As conclusions of law, it was found that the plaintiff is entitled to have the Georgia judgment established as a foreign judgment of divorce and support for the minor son; that she is entitled to recover judgment for such payments thereunder as are not barred by the statute of limitations; and that the defendant is estopped from attacking the Georgia judgment. Judgment was entered accordingly, and the defendant has appealed on the grounds that the court erred in denying him a jury trial, and erred in concluding that he is estopped from attacking any part of the other judgment.

The appellant contends that an action based upon a foreign judgment is an action at law; that an issue of fraud may be set up as a defense in a law action; that the character of the action was not changed by the issue of fraud here raised, which was defensive only; that the fact that the respondent would be entitled to the assistance of equity in enforcing the judgment, if entered, is not controlling; and that no affirmative relief, which might have changed the character of the action, was here sought. ▉ The right to a jury trial is determined by the character of the issues framed by the pleadings. (*Stern* v. *Hillman,* 115 Cal.App. 156 [300 P. 972].) In *Fish* v. *Benson,* 71 Cal. 428 [12 P. 454], the complaint was in ejectment and the defendants filed a cross-complaint seeking to cancel certain conveyances on the ground of fraud. The

court pointed out that the cross-complaint set up a cause of action and sought relief which could be considered only in a court of equity. The court there said:

"Both courts of law and of equity in proper cases have jurisdiction in cases of fraud, and when the facts constituting the fraud and the relief sought are such as are cognizable in a court of law, the parties are entitled to a jury trial; but where the case as made by the pleadings involves the application of the doctrines of equity and the granting of relief, which can be obtained in a court of equity, and not elsewhere, the parties are not entitled to a jury trial."

Under the circumstances which here appear, the special defense was something more than a mere negative defense. It attacked the validity of the judgment on which the respondent's sole cause of action was based. That defense was worthless unless it succeeded in setting aside that judgment which had become final. By interposing this defense the appellant sought an affirmative action of the court by holding that the judgment sued on was void and ineffective because it was procured by fraud. This was a collateral attack on the prior judgment, which could be thus attacked only on the ground of extrinsic fraud. Not only was an equitable issue presented but the relief sought was one which could be obtained only in a court of equity. This equitable defense determined "the character of the issues framed by the pleadings" and, as a practical matter, raised the only real issue in the case. We are unable to see how such an issue, directly involving the setting aside of a final judgment for extrinsic fraud, could properly be left to a jury.

The appellant further contends that the finding and conclusion of an estoppel are erroneous since his remarriage worked no prejudice to the respondent, and since he was not attempting to set aside the part of the judgment which affected the marriage status. The appellant attacked the judgment on the ground that he had been prevented by fraud from making a defense and from having "the benefit of a fair adversary trial." With full knowledge of the facts he had accepted the judgment as being effective, and had remarried. Whether or not an estoppel technically appears, he should not now be permitted to attack part of the judgment, while still relying on the remainder as being in full force. No reversible error appears in this connection.

The judgment appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.