[Civ. No. 16950. First Dist., Div. One. Apr. 15, 1957.]

MARIA SORCI, Appellant, v. ROSINA CRISCI, as
Executrix, etc., Respondent.

Michael L. Haun for Appellant.

Julian A. Pardini, Elda Granelli and F. Campagnoli for Respondent.

WOOD (Fred B.), J.—Maria Sorci brought this action to set aside a judgment rendered against her and affirmed upon appeal in *Crisci* v. *Sorci,* 115 Cal.App.2d 76 [251 P.2d 383], claiming that she was never served with process in the former action and never appeared or retained counsel to represent her therein.

(1) *The principal question is whether or not it was an abuse of discretion to deny a continuance on the day last set for the trial to commence.* We cannot say that it was. There

was a background of delays and continuances with which the trial judge was conversant and no actual proof of a substantial basis for a further continuance. This gives support to an implied finding that the cause of justice would not be served by a further continuance.

Maria filed the present action on September 8, 1953, acting in propria persona. On the 16th of the following March, defendant Rosina Crisci, individually and as executrix of the estate of her deceased husband Giovanni Crisci, filed an answer and cross-complaint. There is no proof that Rosina was served with process. Rosina states in her brief that the summons herein was not served, a statement which Maria mentions but does not deny in her closing brief. There is thus a basis for an inference of several months' delay at the very inception of the present action.

On June 15, 1954, Maria, by attorney, interposed demurrers and motions to strike portions of the cross-complaint, which were overruled and denied on July 2. On August 10 she answered the cross-complaint and filed a demand for a jury trial.

In November, the court granted a motion by Rosina to strike Maria's demand for a jury trial (this being an equity case) and put the cause on the court calendar for trial commencing December 20, 1954. In her affidavit in support of that motion Rosina, after referring to the judgment in the former action, said ''this action is brought by plaintiff in order to harass, vex and annoy this defendant and cross-complainant, to prevent her continuous and present enjoyment of the parcels of real property described in the complaint and to prevent her from freely dealing with said property as her own; and, that plaintiff's husband has often stated to this Affiant and others that he will continue, through himself and his said wife, plaintiff herein, to harass, vex and annoy this Affiant in the quiet possession of said real property.'' The record before us does not disclose any counter affidavit.

On December 16 plaintiff's attorney withdrew and on December 17 Rosina served notice on Maria to get another attorney or appear in person. On December 20, according to Rosina's brief (not denied by Maria in her closing brief) Maria, ''who was now acting *in propria persona,* by a person not an attorney, obtained a 'final continuance' from the presiding judge of the Court of over one more month to January 26, 1955, to procure counsel.'' On January 26 Maria was given to and including February 28 ''within which to obtain

an Attorney." On March 2, 1955, the cause was assigned to department 21 of the superior court, then presided over by the judge who had vacated Maria's demand for a jury trial.

On the day of the trial plaintiff did not appear. Her husband, Joseph Sorce, did appear. He referred to the continuances that had been granted to get an attorney and reported he had gotten an attorney the preceding Friday (February 25, 1955) but that the attorney withdrew the day before the trial; that another attorney had agreed to take the case but required a retainer before undertaking it and that plaintiff was ill. No proof of these representations was made by affidavit or otherwise. Nor was there any proof of Joseph's authority to speak for plaintiff, a matter of some significance in view of the fact that her complaint herein negatives his assumed authority to have engaged counsel to represent her in the very action which culminated in the judgment which the present action was designed to set aside. Moreover, it is inferable that Joseph waited until virtually the end of the two and one-half months' extension before engaging an attorney, leaving the attorney less than five days within which to become thoroughly familiar with the case and discover that he did not wish to go ahead with it.

In denying the requested continuance the trial judge made these observations among others: "The matter has been sent in here for trial by the Presiding Judge who evidently believed there should be no further continuance. I know last year . . . I granted you . . . a continuance for the purpose of providing yourself with counsel . . . There should be no difficulty in getting counsel for a just case . . . I think the adverse parties in these proceedings are entitled to have the case determined one way or the other . . . You are not entitled to delay a matter. You are supposed to be prepared. When you start litigation you are supposed to be prepared to go through with it . . . You will have to proceed. . . . I have no evidence here to testify that your wife is ill; I have no affidavits of witnesses or anything of the kind . . . The matter has been continued and continued and continued to give you the opportunity [to get an attorney] . . . You may present your case and call any witnesses you want."

Before the first witness started to testify Joseph was permitted to and did phone an attorney, but, after talking to Joseph and to Rosina's counsel, the attorney also declined to take the case.

We find no abuse of discretion in the denial of a further continuance.

■ (2) *Maria questions the sufficiency of the evidence* but she had the burden of proving that she was not served and did not appear in the former action. (Code Civ. Proc., § 1981; *Church* v. *Church,* 40 Cal.App.2d 701, 705-706 [105 P.2d 643].) She introduced no evidence on that subject. ■ Where no evidence is introduced upon an issue, the finding thereon should be against the party who has the burden of proof. (*Heesy* v. *Vaughn,* 31 Cal.2d 701, 708-709 [192 P.2d 753]; *Wheeler* v. *Gregg,* 90 Cal.App.2d 348, 370-371 [203 P.2d 37]; 18 Cal.Jur.2d 538, Evidence, § 106.)

■ Moreover, the file of the former action was introduced in evidence and it contains proof of service of summons and complaint therein upon the plaintiff herein.

(3) *Was it prejudicial error to overrule plaintiff's demurrers to certain portions of defendant's answer and cross-complaint?*

Among the defenses attacked by demurrer were those of res judicata, laches, sections 700-739 of the Probate Code, section 738 of the Code of Civil Procedure (relative to admissibility and determination of the meaning of a will), the statute of frauds (Code Civ. Proc., § 1973, subds. 1, 4 and 6; Civ. Code, §§ 1091 and 1624, subds. 1, 4 and 6) and statute of limitations (Code Civ. Proc., §§ 312, 318-327, 335, 336, 338 and 343).

Few, if any, of these pleas would be a defense to the cause of action pleaded by the complaint herein. However, even if we assume it was error to overrule the demurrer, there was no prejudice to plaintiff's case thereby, no basis for reversing the judgment appealed from. The court properly found that plaintiff herein was served with process in the former action, in itself a sufficient defense to the complaint herein.

■ (4) *Was it prejudicial error to deny plaintiff's motions to strike certain portions of Rosina's answer and cross-complaint?*

One motion was directed to the plea of res judicata and should have been granted but, as we have seen with reference to the demurrer on the same ground, no prejudice resulted.

The other motions were to strike those portions of the cross-complaint which sought to quiet title to the property involved. Maria claims that such a plea was redundant, a merely repetitious answer. Rosina says it was not because plaintiff had filed two lis pendens notices since the rendition of the judgment in the former action. If this portion of the cross-complaint was merely redundant, we fail to see how its remain-

ing in could prejudice anyone. Plaintiff argues, in part, that allowing these defenses and cross-complaints to stand presented extraneous issues too complicated for a layman to try. But, we recently held that a "litigant appearing in propria persona is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Muller* v. *Muller*, 141 Cal.App.2d 722, 732 [279 P.2d 789].) Matters which are not prejudicial to litigants represented by attorneys should not be prejudicial to litigants without them. Moreover, in the instant case, the trial judge told Joseph Sorce that all he had to prove was that his wife was not served and did not appear in the former action. Joseph unmistakably indicated that he clearly understood those issues.

(5) *Was it prejudicial error to quash plaintiff's demand for a jury trial?*

Maria concedes that the complaint seeks equitable not legal relief and does not of itself entitle her to a jury trial. She argues that because the cross-complaint did not allege that Rosina was "in possession" but instead alleged that she was "entitled to the immediate possession" of the property, it presented legal issues similar to those presented in an action at law for ejectment.

That is taking too narrow a view of the pleading. Rosina alleged that she has at all times been and now is "owner of in fee simple absolute and entitled to the immediate and peaceful possession of" the described property; that Maria "claims some right, title, interest, claim or estate in or to . . . [said property] . . . adverse to . . . [Rosina's and her husband's estate] . . . but that the . . . claim . . . is wholly without right . . ."; and then prays that defendants' title be declared and quieted, all without expressly asking to be let into possession of the property. In her answer to the cross-complaint, Maria joins issue as to title and does not allege that she has possession of the property. These pleadings presented the equitable issue of title, not the legal issue of possession, and justify the denial of plaintiff's demand for a jury trial.

We note, also, that Rosina testified that she was in possession of at least a part of the property involved, where she maintains her home, and the judgment declared her title, stated that she is entitled to the "continuing" possession of the premises and said nothing about putting her in possession.

Under these circumstances, we conclude that the court correctly ruled that plaintiff was not entitled to a jury trial as a matter of right. If authority be needed, it is furnished

by *Santa Ana Mortg. & Inv. Co.* v. *Kinslow,* 30 Cal.App.2d 107, 109-110 [85 P.2d 899].)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied May 15, 1957, and appellant's petition for a hearing by the Supreme Court was denied June 12, 1957.