[Civ. No. 23019. Second Dist., Div. Two. Aug. 4, 1958.]

HAROLD J. TIBBITTS, Appellant, v. ROBERT G. FIFE, Individually and as Executor, etc., et al., Respondents.

Patrick B. Phelan for Appellant.

Hosmer & Eagleson, David N. Eagleson and Harwood Stump for Respondents.

HERNDON, J.—The sole question presented on this appeal is whether the trial court erred in refusing plaintiffs' demand for a jury trial in a suit to establish a constructive trust with respect to certain real property.

Harold and Paul Tibbitts joined as plaintiffs in filing a pleading entitled "First amended complaint to establish a constructive trust and for an accounting of rents, issues and profits." The named defendants were Margaret Rainbolt and Robert G. Fife. The latter was sued both as an individual and in his capacity as executor of the will of Myrtle B. Fife, deceased. The first amended complaint contained two "counts." In the first count, it was alleged in substance: (1) that on a certain date specifically described parcels of real property were owned by one Marie B. Kendall; (2) that Marie B. Kendall and Myrtle B. Fife were sisters, and that a confidential relationship existed between them; (3) that by various conveyances and without consideration, Marie B. Kendall caused said real property to be conveyed to Myrtle B. Fife and herself as joint tenants; (4) that the conveyances were made "upon promises and inducements" of Myrtle B. Fife "that she would, if requested, by the said Marie B. Kendall, deceased, convey the said real property to the said Marie B. Kendall, deceased, as her sole and separate property, and that if the said Marie B. Kendall, deceased, died prior to her death, she would convey the said property to herself and to the plaintiffs, Harold J. Tibbitts and Paul C. Tibbitts, as joint tenants;" (5) that Marie B. Kendall predeceased Myrtle B. Fife and that the latter refused to convey to plaintiffs as promised; (6) that legal title to the property had vested in defendants as beneficiaries under the will of Myrtle B. Fife; and (7) that defendants had refused to recognize plaintiffs' beneficial interest in the property.

The second count of the complaint realleged all of the facts above recited, and, in addition, alleged that the said "promises and inducements" made by Myrtle B. Fife "were made with the intent to defraud the said MARIE B. KENDALL, in that said

promises and inducements were made with the fraudulent intent on the part of the said MYRTLE B. FIFE, aka MARTHA B. FIFE, deceased, not to keep said promises, but to deceive the said MARIE B. KENDALL, deceased.''

The prayer of the complaint was as follows: (1) ''That the court enter its decree that the defendants hold the real property described herein as trustees for the plaintiffs;'' (2) ''That the court order the defendants to execute good and sufficient deeds to the real property described herein conveying said real property to the plaintiffs herein;'' (3) ''That the court order the defendants to account to the plaintiffs for the rents, issues and and profits from the real property described herein from the date of the death of MYRTLE B. FIFE, aka MARTHA B. FIFE, deceased to the date of the execution of said deeds, and to award plaintiffs judgment of said rents, issues and profits;'' (4) ''For costs of suit incurred herein, and for such other and further relief as to the court seems just and proper.''

On the basis of plaintiffs' memorandum for setting, the cause was originally set for a jury trial. Subsequently, on defendants' motion, it was reset for trial without a jury. At the time of trial, plaintiffs renewed their request for a jury, but it was denied by the trial judge. The trial terminated with findings of fact, conclusions of law, and judgment favorable to defendants. Plaintiff Harold J. Tibbitts alone appeals, urging as his sole contention that plaintiffs were entitled to a jury trial as a matter of right.

Appellant's contention is based upon misconceptions of the essential character of the instant action and of the test by which it is to be determined whether a jury trial is a matter of right.

■ The right to trial by jury is guaranteed in section 7 of article I of the California Constitution. However, this guaranty extends only to those cases wherein the right to a jury trial existed at common law. (*Sonleitner* v. *Superior Court,* 158 Cal.App.2d 258 [322 P.2d 496]; *People* v. *One 1941 Chevrolet Coupe,* 37 Cal.2d 283, 286-287 [231 P.2d 832]; *Phyle* v. *Duffy,* 34 Cal.2d 144, 148 [208 P.2d 668].) The question presented is an historical one and must be approached in the context of 1850 common law pleading. (*Ripling* v. *Superior Court,* 112 Cal.App.2d 399, 402 [247 P.2d 117]; *Bank of America* v. *Lamb Finance Co.,* 145 Cal.App.2d 702, 706-707 [303 P.2d 86].)

■ If the gist of an action as framed by the pleadings is such that the issues were cognizable at law in 1850, trial by jury is a matter of right. (*Bank of America* v. *Lamb Finance Co., supra,* 145 Cal.App.2d 702; *Ripling* v. *Superior Court, supra,* 112 Cal.App.2d 399.) ■ In determining whether an action is legal or equitable, and, consequently, whether a jury may be demanded, consideration must be given to the nature of the rights involved and the remedies invoked as disclosed by the pleadings. (*Bettencourt* v. *Bank of Italy,* 216 Cal. 174, 179 [13 P.2d 659]; *Dills* v. *Delira Corp.,* 145 Cal. App.2d 124, 128 [302 P.2d 397]; *Cf. Grossblatt* v. *Wright,* 108 Cal.App.2d 475, 484 [239 P.2d 19].)

■ Where the remedies invoked are purely and exclusively equitable, the right to a jury trial does not exist. (*Dills* v. *Delira Corp., supra,* 145 Cal.App.2d 124, 128; *Cutter Laboratories, Inc.* v. *R. W. Ogle & Co.,* 151 Cal.App.2d 410, 418 [311 P.2d 627]; *Sorci* v. *Crisci,* 150 Cal.App.2d 90, 95 [309 P.2d 937]; *Bettencourt* v. *Bank of Italy,* 216 Cal. 174, 179 [13 P.2d 659]; *Proctor* v. *Arakelian,* 208 Cal. 82, 98 [280 P. 368].) "The constitutional guaranty of the right to a jury trial does not apply to actions involving the application of equitable doctrines and the granting of relief that is obtainable only in courts of equity. Accordingly, a jury cannot be demanded as of right in such actions." (29 Cal.Jur.2d 485, § 7.) ■ "If the action is addressed to equity powers of the court, the matter is one for the trial court alone or sitting with an advisory jury." (*Dills* v. *Delira Corp., supra,* at p. 128.)

■ Stripped of legal conclusions and reduced to ultimate facts, the appellant's complaint alleges that Myrtle B. Fife orally agreed to receive certain real property conveyed to her by her sister, Marie B. Kendall, and to hold the property until directed to convey it during Marie B. Kendall's lifetime or to convey it to plaintiffs on Marie's death. The complaint alleges Myrtle's, and defendants' refusal to convey to plaintiffs, and prays for the imposition of a trust, an accounting, and an order compelling the conveyance of the specified realty to plaintiffs.

It is clear that at common law suits of the character here presented were cognizable only in equity. ■ Equity retains exclusive jurisdiction of actions to establish and enforce trusts. (*Lane* v. *Whitaker,* 50 Cal.App.2d 327, 331 [123 P.2d 53]; *Woolsey* v. *Woolsey,* 121 Cal.App. 576, 581 [9 P.2d 605]; *Schooler* v. *Williamson,* 192 Cal. 472, 478-479 [221 P. 195]; *Cauhape* v. *Security Sav. Bank,* 127 Cal. 197, 201 [59 P. 589].)

▉ The common law rule is reflected in the Restatement, Trusts, sections 197-198, to the effect that the remedies of a beneficiary against the trustee are exclusively equitable, except that the beneficiary may maintain an action at law to enforce the trustee's immediate and unconditional duty to (a) pay money or (b) deliver a chattel. ▉ A suit to impose a constructive trust *on land* was not within the class of cases in which the beneficiary could sue the trustee in an action at law; it was within the exclusive province of equity. (1, 4 Pomeroy, Equity Jurisprudence (5th ed. 1941), §§ 155 and 1044; see also Rest., Restitution, § 166, comment *b*.)

▉ Appellant argues that "since fraud is cognizable in a court of law, these issues should have been tried by a jury." This argument may be answered in the language in *Holt* v. *Parmer*, 106 Cal.App.2d 329, 332 [235 P.2d 43]: "Both courts of law and of equity in proper cases have jurisdiction in cases of fraud, and when the facts constituting the fraud and the relief sought are such as are cognizable in a court of law, the parties are entitled to a jury trial; but where the case as made by the pleadings involves the application of the doctrines of equity *and the granting of relief, which can be obtained in a court of equity, and not elsewhere,* the parties are not entitled to a jury trial." (Emphasis added.)

▉ The following from *Angus* v. *Craven*, 132 Cal. 691, 698 [64 P. 1091], is to the same effect: "It is said that a court of law can try questions of fraud . . . as well as a court of equity. Of course this is true, and it is true of any question of fact considered independently of the circumstances under which it arises. Either a court of equity or a court of law can hear and determine any issue of fact which is presented for adjudication in a proceeding properly before the court; otherwise there could scarecely be any equitable remedies. But the circumstance that either kind of court may try a question of fact has no weight in determining whether, *upon a particular state of facts,* the remedy is legal or equitable." (Emphasis added.)

▉ Since the action is purely equitable in that all of the relief sought is addressed to the equity powers of the court, a jury trial was not a matter of right.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 1, 1958.