51 Cal.Rptr.3d 519 (2006)
145 Cal.App.4th 278
Kenneth HODGE et al., Petitioners,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Aon Insurance Services et al., Real Parties in Interest.
No. B189941.
Court of Appeal of California, Second District, Division Eight.
November 29, 2006.
*521 Marlin & Saltzman, Stanley D. Saltzman, Louis M. Marlin, Agoura Hills, Christina A. Humphrey, Irvine; Schwartz, Daniels & Bradley, Arnold W. Schwartz, Marcus J. Bradley; R. Rex Parris Law Firm and R. Rex Parris; and The Quisenberry Law Firm and John N. Quisenberry, Los Angeles, for Petitioners.
No appearance for Respondent.
DLA Piper Rudnick Gray Cary US, Shand S. Stephens, San Francisco, Jon D. Meer, Los Angeles, and Eric S. Beane, for Real Parties in Interest.
Bill Lockyer, Attorney General, Tom Greene, Chief Assistant Attorney General, Albert Norman Shelden, Assistant Attorney General, Ronald A. Reiter and Kathrin Sears, Deputy Attorneys General, as Amicus Curiae.
*520 COOPER, P.J.
Many employees in the state of California, who work more than 40 hours per week and 8 hours per day, have the right to receive payment for their overtime work. (Ramirez v. Yosemite Water Co. (1999) 20 Cal.4th 785, 789, 85 Cal.Rptr.2d 844, 978 P.2d 2.) In a lawsuit alleging an employer violated the employee's right to receive overtime pay, the employer bears the burden of proving the employee's exemption. (Id. at pp. 794-795, 85 Cal. Rptr.2d 844, 978 P.2d 2.) In this case, principally about overtime pay, the plaintiffs dismissed their statutory cause of action and allege only unfair competition in violation of Business and Professions Code section 17200 et seq. (§ 17200 or the Unfair Competition Law (UCL)).
We must decide whether the defendants are entitled to a jury trial. We conclude no jury trial is warranted. The gist of the section 17200 cause of action is equitable and the relief sought is equitable even though plaintiffs could have requested damages for the same violations, even though the employer has asserted an affirmative defense, and even though the UCL cause of action will require proof of the underlying Labor Code violations.

FACTUAL AND PROCEDURAL BACKGROUND
In a class action lawsuit, approximately 800 current and former workers' compensation claims adjusters sued for overtime pay. (Cal.Code Regs., tit. 8, § 11040). The operative complaint names Cambridge Integrated Services Group, Inc. (Cambridge), and AON Insurance Services, AON Service Corporation, and AON Corporation (collectively AON) as defendants.[1] Plaintiffs alleged that they were improperly denied payment for overtime work based on an administrative exemption contained in Industrial Welfare Commission Wage Order No. 4. Plaintiffs sought to recover wages for unpaid overtime work under various Labor Code provisions, including Labor Code section 1194, which authorizes the filing of a civil action for such a purpose.[2] Plaintiffs' UCL claim *522 was based on the same failure to pay overtime wages and on the alleged violation of the same Labor Code provisions. Defendants argued that plaintiffs were exempt under Wage Order No. 4, which provides that overtime pay requirements "shall not apply to persons employed in administrative, executive, or professional capacities." (Cal.Code Regs., tit. 8, § 11040(1)(A).)
The case was tried to a jury, but a mistrial was declared after the jury was unable to reach a verdict on the question whether the class members qualified for the administrative exemption in Wage Order No. 4. After the jury trial, plaintiffs amended the complaint to state only a cause of action for violation of section 17200. Plaintiffs' stated rationale was strategic: they wanted a bench trial instead of a jury trial.
The trial court ruled the defendants were entitled to a jury trial on the section 17200 claim. In this writ proceeding, plaintiffs challenge the trial court's order finding a jury trial to be appropriate. Because the petition raises an important legal issue, and because an appeal would not provide the plaintiffs with an adequate remedy if the trial court's determination were erroneous, we issued an order to show cause and stayed any jury trial in the action. A petition for a writ of prohibition is a proper method to challenge the trial court's determination that AON is entitled to a jury trial. (Southern Pox. Transportation Co. v. Superior Court (1976) 58 Cal.App.3d 433, 435, 129 Cal.Rptr. 912 [granting writ relief where party challenged grant of jury trial].) The Attorney General supports plaintiffs' argument that the defendants have no constitutional right to a jury trial on the UCL claim.[3]

DISCUSSION
Unfair competition statutes appeared in the 1930's. (Stop Youth Addiction, Inc. v. Lucky Stores, Inc. (1998) 17 Cal.4th 553, 567, 71 Cal.Rptr.2d 731, 950 P.2d 1086.) The UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice." (§ 17200; see also Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.4th 1134, 1143, 131 Cal.Rptr.2d 29, 63 P.3d 937.) An "unlawful" business practice necessarily "`borrows' violations from other laws by making them independently actionable as unfair competitive practices." (Korea Supply Co., supra, 29 Cal.4th at p. 1143, 131 Cal.Rptr.2d 29, 63 P.3d 937.) "[T]he Legislature has clearly stated its intent that the remedies and penalties under the UCL be cumulative to other remedies and penalties." (Stop Youth Addiction, Inc. v. Lucky Stores, Inc., supra, 17 Cal.4th at p. 566, 71 Cal.Rptr.2d 731, 950 P.2d 1086.) An employer's alleged unlawful failure to pay wages, as in this case, can be the subject of a UCL claim. (Cortez v. Purolator Air Filtration Products *523 Co. (2000) 23 Cal.4th 163, 177, 96 Cal. Rptr.2d 518, 999 P.2d 706 (Cortez).
The sole issue here is whether AON is entitled to a jury trial on the section 17200 claim. A jury trial is an important constitutional right that should be "`zealously guarded by the courts.'" (Interactive Multimedia Artists, Inc. v. Superior Court (1998) 62 Cal.App.4th 1546, 1551, 73 Cal.Rptr.2d 462.) In Wisden v. Superior Court (2004) 124 Cal.App.4th 750, 754, 21 Cal.Rptr.3d 523, we identified the basic principles governing jury trials. "If the right to trial by jury existed at common law in 1850, when the California Constitution was adopted, it exists today[.]" (Id. at p. 754, 21 Cal.Rptr.3d 523.) "[T]he Legislature cannot, `by providing new remedies ... in form equitable,' convert a legal right `into an equitable one so as to infringe upon the right of trial by jury.'" (Id. at p. 755, 21 Cal.Rptr.3d 523,) quoting People v. One 1941 Chevrolet Coupe (1951) 37 Cal.2d 283, 299, 231 P.2d 832.) "`A jury trial must be granted where the gist of the action is legal, where the action is in reality cognizable at law.'" (Id. at p. 755, 21 Cal.Rptr.3d 523, quoting People v. One 1941 Chevrolet Coupe, supra, 37 Cal.2d at p. 299, 231 P.2d 832, italics added.) "`On the other hand, if the action is essentially one in equity and the relief sought `depends upon the application of equitable doctrines,' the parties are not entitled to a jury trial.'" (Ibid., quoting C & K Engineering Contractors v. Amber Steel Co. (1978) 23 Cal.3d 1, 9, 151 Cal.Rptr. 323, 587 P.2d 1136.)
The parties dispute whether the "gist of the action," refers to the section 17200 cause of action or the "borrowed" Labor Code violation. Plaintiffs argue that we look only to the section 17200 action, which is an equitable cause of action. AON does not dispute that a section 17200 cause of action is equitable. Instead, AON argues that where a UCL cause of action is based on unlawful conduct, a court must look to the underlying statute to determine the right to a jury trial.[4] According to AON, the gist of this action is legal because the action is predicated on a breach of contract for unpaid wages which is a legal question, because its affirmative defense requires adjudication of legal claims, and because a jury must make the necessary factual findings regarding whether the employees worked overtime and whether they are exempt.

1. There Is No Right To a Jury Trial For a Section 17200 Cause of Action
Although the unlawful prong of the UCL borrows from other laws, it is not a substitute for those laws. (Cortez, supra, 23 Cal.4th at p. 173, 96 Cal.Rptr.2d 518, 999 P.2d 706.) Section 17205 makes this explicit: "Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state." In enacting the UCL, "the overarching legislative concern [was] to provide a streamlined procedure for the prevention of ongoing or threatened acts of unfair competition." (Cortez, supra, 23 Cal.4th at pp. 173-174, 96 Cal.Rptr.2d 518, 999 P.2d 706, quoting Dean Witter Reynolds, Inc. v. Superior Court (1989) 211 Cal.App.3d 758, 774, 259 Cal.Rptr. 789.) Consistent with this objective, the UCL provides only for equitable remedies. "Prevailing plaintiffs are generally limited to injunctive relief and restitution." (Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal.4th *524 163, 179, 83 Cal.Rptr.2d 548, 973 P.2d 527 (Cel-Tech); see also § 17203.) Damages are not available. (Cel-Tech, at p. 179, 83 Cal.Rptr.2d 548, 973 P.2d 527; Cortez, at p. 178, 96 Cal.Rptr.2d 518, 999 P.2d 706 ["An order that earned wages be paid is therefore a restitutionary remedy authorized by the UCL. The order is not one for payment of damages"].)
Thus, the UCL is not simply a legislative conversion of a legal right into an equitable one. It is a separate equitable cause of action. (Cruz v. PacifiCare Health Systems, Inc. (2003) 30 Cal.4th 303, 317, 133 Cal.Rptr.2d 58, 66 P.3d 1157.) Nor is the operative complaint a mere exercise in "artful pleading" to circumvent AON's jury trial right. Stated otherwise, plaintiffs are not pursuing the same claim under a different label but instead are pursuing a different claim.
In determining AON's right to a jury trial, the trial court should have considered the gist of the UCL claim, not the gist of the Labor Code violation. Plaintiffs seek relief from alleged unfair competition not to enforce the Labor Code. (Stop Youth Addiction, Inc. v. Lucky Stores, supra, 17 Cal.4th at p. 566, 71 Cal.Rptr.2d 731, 950 P.2d 1086 ["SYA seeks relief from alleged unfair competition not to enforce the Penal Code"] see also id. at p. 576, 71 Cal. Rptr.2d 731, 950 P.2d 1086.) The alleged unlawful business practice is "independently actionable" and "subject to distinct remedies." (Id. at pp. 566-567, 71 Cal.Rptr.2d 731, 950 P.2d 1086.) Because those remedies are solely equitable, AON is not entitled to a jury trial. (See Tibbitts v. Fife (1958) 162 Cal.App.2d 568, 572, 328 P.2d 212 ["Where the remedies invoked are purely and exclusively equitable, the right to a jury trial does not exist"]; Asare v. Hartford Fire Ins. Co. (1991) 1 Cal. App.4th 856, 867, 2 Cal.Rptr.2d 452 ["Determining whether the gist of a claim is in law or equity `depends in large measure upon the mode of relief to be afforded'"] overruled on another ground in Claxton v. Waters (2004) 34 Cal.4th 367, 378, 18 Cal. Rptr.3d 246, 96 P.3d 496.)
The fact that contract issues may be implicated does not transform an equitable action into one of law. (Walton v. Walton (1995) 31 Cal.App.4th 277, 287, 36 Cal.Rptr.2d 901 ["There is no constitutional right to a jury trial in an action for specific performance, even though such action implicates legal issues regarding contract formation"].) As our Supreme Court explained, there is no right to a jury trial in an action for damages for breach of contract where the sole basis for the action is the equitable theory of promissory estoppel. (C & K Engineering Contractors v. Amber Steel Co., supra, 23 Cal.3d at p. 9, 151 Cal.Rptr. 323, 587 P.2d 1136.) Similarly, AON's argument that its employment contract implicitly incorporates the statutory requirements does not demonstrate AON is entitled to a jury trial.
Other courts have also held that there is no right to a jury trial in a section 17200 lawsuit. (People v. Bestline Products, Inc. (1976) 61 Cal.App.3d 879, 916, 132 Cal. Rptr. 767; People v. Toomey (1984) 157 Cal.App.3d 1, 17-18, 203 Cal.Rptr. 642; People v. First Federal Credit Corp. (2002) 104 Cal.App.4th 721, 733, 128 Cal.Rptr.2d 542.) These cases involved lawsuits by the Attorney General, not private plaintiffs as in this case. But the identity of the plaintiff does not assist in determining entitlement to a jury trial. AON correctly points out that these cases did not involve wage and hour issues. But that distinction assumes that the Court should look to the "borrowed statute," an incorrect assumption.

2. AON's Affirmative Defense Does Not Require A Jury Trial
AON asserts an affirmative defense based on Wage Order No. 4. Then it *525 argues: "It is well-settled law that the constitutional right to a trial by jury in California extends not just to a plaintiffs causes of action, but also to issues of fact raised by a defendant's affirmative defense." The authority AON cites for that purported well settled principle does not support the stated principle.
AON cites Cornette v. Department of Transportation (2001) 26 Cal.4th 63, 109 Cal.Rptr.2d 1, 26 P.3d 332 for the proposition that "the California Supreme Court recognized and protected this right [to a jury trial for an affirmative defense]." But in Cornette, the defendant acknowledged that the plaintiff had a right to a jury trial. (Id. at p. 76, 109 Cal.Rptr.2d 1, 26 P.3d 332.) The court considered the affirmative defense of design immunity, holding that one element of such a defense must be tried to the court and the remainder to a jury. (Id. at p. 67, 109 Cal. Rptr.2d 1, 26 P.3d 332.) The high court was considering a statute that required the one element be tried to the court. The court did not hold that whenever a defendant asserts an affirmative defense requiring the determination of facts, the defendant is entitled to a jury trial. Unlike in Cornette, here the cause of action under section 17200 is not one requiring a trial by jury.
Similarly, Selby Constructors v. McCarthy (1979) 91 Cal.App.3d 517,154 Cal.Rptr. 164 does not stand for the proposition that defendants "have rights to a jury trial for an affirmative defense" as AON argues. The Selby court held that where the cause of action is for foreclosure of a mechanic's lien and the "subject property's owner disputes the validity of the lien on a ground such as a claim that the work or material was defective, and raises the issue by answer or cross-complaint ... [a]nd where the hen is sought to enforce the terms of a contract executed by the lien claimant and the subject property owner, clearly contractual and legal issues have been injected into the matter." (Id. at p. 526, 154 Cal.Rptr. 164.) The Selby court never considered the effect of a defendant's affirmative defense, and AON's reliance on it for that purpose is misplaced.
People v. Englebrecht (2001) 88 Cal. App.4th 1236,106 Cal.Rptr.2d 738 expressly rejects an argument similar to AON's. In that case, the People sought an injunction to prevent David Englebrecht from associating with other gang members, arguing that the association created a public nuisance. Englebrecht argued that "his defense of nonmembership in the Posole gang raised legal issues which should, under the California Constitution, have been decided by a jury...." (Id. at p. 1244, 106 Cal.Rptr.2d 738.) The court held, "[t]he essence of an action to abate a public nuisance and for injunctive relief is equitable and there is no right to a jury trial." (Id. at p. 1245, 106 Cal.Rptr.2d 738.) Thus, no jury was required because the People asserted only an equitable cause of action even though if the same question were raised in a criminal proceeding a jury trial would have been available.
Similarly, in Tegal Corp. v. Tokyo Electron America, Inc. (Fed.Cir.2001) 257 F.3d 1331, the federal court rejected the argument that an affirmative defense in a patent dispute required a jury trial.[5] In that case, Tegal initially sought injunctive relief and damages for alleged patent infringement. (Id. at p. 1338.) Just before trial, Tegal dropped its damage claim and withdrew *526 its request for a jury trial. (Ibid.) Tokyo Electron America (TEA) continued to request a jury trial on the issues raised in its affirmative defenses. (Ibid.) The court held that because the plaintiff sought only an injunction, it would have had to bring the case in a court of equity in eighteenth century England. (Id. at p. 1340.) In addition the relief sought was purely equitable. (Id. at p. 1341.) Thus, the court held that "a defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent infringement suit if the only remedy sought by the plaintiff-patentee is an injunction." (Ibid; see also In re Technology Licensing Corp. (Fed.Cir.2005) 423 F.3d 1286, 1291 ["By choosing the equity route for its infringement action, TLC would have ensured that neither claim would be triable to a jury"].)
AON cites no authority for the proposition that where only equitable relief is sought, the assertion of an affirmative defense requires a jury trial. The authority we find supports the opposite conclusion. Because AON's affirmative defense is in an unfair competition lawsuit not a breach of contract lawsuit, it is not entitled to a jury trial.[6]

3. The Existence of Factual Issue Does Not Require A Jury Trial
Particularly unpersuasive is AON's argument that it is entitled to a jury trial because the case "necessarily involves factual issues...." If AON is entitled to a jury trial then the jury would decide all factual questions. If no such right exists, then the court as trier of fact will determine all factual issues. "Either a court of equity or a court of law can hear and determine any issue of fact which is presented for adjudication in a proceeding properly before the court...." (Tibbitts v. Fife, supra, 162 Cal.App.2d at p. 573, 328 P.2d 212, quoting Angus v. Craven (1901) 132 Cal. 691, 698, 64 P. 1091.) The mere existence of factual questions does not determine whether the right to a jury trial exists.
In short, even though the "contractual duties of the employer implicitly include performance of mandatory statutory duties, such as the payment of overtime wages" (Bell v. Farmers Ins. Exchange (2006) 135 Cal.App.4th 1138, 1147, 38 Cal. Rptr.3d 306), and even though the application of the statutory requirements includes factual determinations, AON is not entitled to a jury trial. The sole cause of action for violation of section 17200 is equitable in nature.

DISPOSITION
Let a peremptory writ of prohibition issue restraining respondent court from enforcing its order granting defendants' request for a jury trial. Our temporary stay shall remain in effect until this opinion becomes final. Petitioners are entitled to costs in this proceeding.
We concur: RUBIN, and BOLAND, JJ.
NOTES
[1] According to the operative complaint, AON own and operates certain Cambridge locations in California.
[2] Labor Code section 1194, subdivision (a), provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."
[3] The Attorney General also argues that judicial estoppel bars plaintiffs from arguing their second trial should be to the court when it initially tried the case including the section 17200 to a jury. Whether AON is entitled to a jury trial is a legal question. (Caira v. Offner (2005) 126 Cal.App.4th 12, 23, 24 Cal.Rptr.3d 233.) Judicial estoppel, a discretionary remedy, has been rejected in the context of analyzing strictly legal questions. (See California Amplifier, Inc. v. RLI Ins. Co. (2001) 94 Cal. App.4th 102, 118, 113 Cal.Rptr.2d 915; Levin v. Ligon (2006) 140 Cal.App.4th 1456, 1482, 45 Cal.Rptr.3d 560.) The Attorney General does not show applying that doctrine would be appropriate in this case.
[4] AON recognizes the UCL also governs unfair and fraudulent business practices but does not purport to include these types of alleged violations within its jury trial analysis.
[5] Although the Seventh Amendment does not apply to civil actions in state courts (Interactive Multimedia Artists, Inc. v. Superior Court, supra, 62 Cal.App.4th 1546, 1551 fn. 3, 73 Cal.Rptr.2d 462), the reasoning of this federal case, which applied a similar test is persuasive.
[6] There are cases that hold where an equitable defense asserted in a cross-complaint may defeat a legal claim the action is one of equity. (See e.g. Fish v. Benson (1886) 71 Cal. 428, 434, 12 P. 454; First National Bank v. Superior Court (1925) 71 Cal.App. 64, 69-70, 234 P. 420.) In those cases the equitable defense, if successful, would extinguish the legal cause of action. No similar circumstance exists here. AON's affirmative defense is to an equitable cause of action.