**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARGILL INCORPORATED; CAN
TECHNOLOGIES, INC.,

Plaintiffs - Appellants,

v.

PROGRESSIVE DAIRY SOLUTIONS,
INC.; MATTHEW BUDINE; LUCIANA
JONKMAN; BRIAN SUNDBERG,

Defendants - Appellees.

No. 08-17494

D.C. No. 1:07-cv-00349-LJO-SMS

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 10, 2009
San Francisco, California

Before: TASHIMA, GRABER and BYBEE, Circuit Judges.

Plaintiffs-appellants Cargill, Incorporated and CAN Technologies, Inc.

(collectively, "Cargill") brought suit against defendants-appellees—three former

Cargill employees and their business, Progressive Dairy Solutions—shortly after

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

defendants resigned from Cargill.[1]  Cargill asserted numerous claims under

California law, including misappropriation of trade secrets under California's

Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426.1-3426.11.  Defendants

asserted various counterclaims, including an unfair competition claim under

California Business and Professions Code § 17200.  A jury trial was held on

Cargill's claims, and defendants' § 17200 counterclaim was tried simultaneously

before the district court.[2]  The jury found in favor of defendants on all of Cargill's

claims, and the district court found in favor of Cargill on defendants' § 17200

counterclaim.  The district court entered judgment, and Cargill appealed, arguing

that a new trial was required.  We affirm.

Cargill first argues, relying on Federal Rules of Evidence 402 and 403, that

the district court erred in allowing the jury to hear testimony regarding two

lawsuits against Cargill filed by dairy farmers.  We review the district court's

evidentiary rulings for abuse of discretion.  *Engquist v. Or. Dep't of Agric.*, 478

F.3d 985, 1008 (9th Cir. 2007), *aff'd*, 128 S. Ct. 2146 (2008).  Harmless error by a

district court in an evidentiary ruling does not justify reversal; a new trial is

---

[1]  The facts underlying this litigation are well known to the parties, and we do not repeat them here except as necessary to explain our decision.

[2]  Defendants' other counterclaims were dismissed prior to trial.

warranted only if a district court commits reversible error. *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1439 (9th Cir. 1990). In order to establish reversible error, the complaining party must establish that the error was prejudicial, which means that the lower court's error more probably than not tainted the jury's verdict. *Engquist*, 478 F.3d at 1009.

The district court did not abuse its discretion when it allowed the jury to hear and consider, subject to a pretrial order *in limine* and limiting jury instructions, testimony describing the existence and nature of the lawsuits. Although a defendant's reason for leaving an employer might not always be relevant to whether that employee misappropriated the employer's trade secrets, breached his or her duty of loyalty, or committed related torts, defendants' reasons for leaving Cargill were directly relevant to Cargill's claims in this case. Cargill's numerous tort claims against defendants were premised on the theory that the defendants, while still working at Cargill, concocted a scheme to use Cargill's information, property, and clients against it because, in the words of Cargill's own attorney at trial, defendants "wanted to make money." Defendants, for their part, asserted that no such conspiracy existed and that they left Cargill because they were dissatisfied with Cargill's feed formulation practices and tired of fielding complaints from customers. In deciding whether defendants—all of whom testified at trial—had

engaged in a conspiracy to steal information, property, and clients from their longtime employer, the jury could properly hear evidence regarding defendants' motivations for leaving.

After balancing the Rule 403 factors on the record, the district court took care before, during, and after trial to ensure that this evidence was limited in purpose and scope. After early trial testimony as to the nature of the lawsuits, the district court sharply constrained further references to the lawsuits, and prior to jury deliberations the court instructed the jury as to the limited purpose of the evidence. A review of the trial transcript reveals that the district court effectively controlled the evidence so as to prevent undue prejudice, confusion, or waste of time. Accordingly, the district court did not abuse its discretion in admitting this evidence.

Cargill's second and third arguments in support of a new trial both center on evidence relating to Cargill's putative bad faith in filing suit against defendants. At trial, the district court allowed the jury to hear evidence relating to Cargill's motive and probable cause for filing suit against defendants. Later, when the district court submitted Cargill's claims to the jury, the verdict sheet asked the jury to consider whether Cargill's misappropriation claim under California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426.1-3426.11, was brought in bad faith for

purposes of an award of attorney's fees under § 3426.4 of the Act. Cargill argues that the district court never should have allowed the jury to hear the motive and cause evidence and that the court should not have submitted the bad faith issue to the jury at the same time the jury was to consider the merits of Cargill's claims.

The two issues—motive and cause evidence and attorney's fees under California Civil Code § 3426.4[3]—are related in the context of this case. The motive and cause evidence was relevant to two legal issues at trial: (1) defendants' California Business & Professions Code § 17200 counterclaim and (2) defendants' request for attorney's fees under California Civil Code § 3426.4. We note that defendants' § 17200 counterclaim was not subject to a jury trial, *see Hodge v. Superior Court*, 51 Cal. Rptr. 3d 519, 524 (Ct. App. 2006), and would therefore not be a proper basis for allowing the jury to hear motive and cause evidence. However, the motive and cause evidence was relevant to Cargill's putative bad faith for purposes of defendants' request for attorney's fees under California Civil

---

[3] California Civil Code § 3426.4 provides, in relevant part: "If a claim of misappropriation is made in bad faith, . . . or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party." California courts have held that "bad faith" under California Civil Code § 3426.4 requires two elements: (1) objective speciousness of the plaintiff's claim, and (2) subjective bad faith in bringing or maintaining the claim. *See, e.g., Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 116 Cal. Rptr. 2d 358, 368 (Ct. App. 2002).

Code § 3426.4, which the district court deemed to be a jury issue—a ruling Cargill did not challenge in the district court and does not challenge in this appeal.[4]

Notwithstanding its relevance, this evidence might nonetheless have been inadmissible as unduly prejudicial or confusing to the jury. *See generally Babb v. Superior Court*, 479 P.2d 379, 382-83 (Cal. 1971). Any such error did not, however, prejudice Cargill in this case, as the jury ultimately found *in favor of Cargill* on the issue to which the disputed motive and cause evidence related – the issue of Cargill's putative bad faith.

The final issue is whether the district court committed reversible error in submitting the bad faith question to the jury at the same time it asked the jury to consider Cargill's claims—including its misappropriation claim—on their merits. We hold that the district court did not abuse its discretion with respect to this issue. Although the district court's decision created some risk that the jury would be prejudiced, unduly influenced, or confused in considering Cargill's misappropriation claim, *see id.*, the district court's special verdict sheets were clear and explicit in directing the jury to consider first the merits of Cargill's misappropriation claim and second—and only if the jury rejected the

---

[4] Cargill does not argue that it was error for the bad faith issue to be submitted to the jury *at all*, but rather argues that it was error for the bad faith issue to be submitted to the jury *at the same time* as the misappropriation claim.

-6-

misappropriation claim on its merits—Cargill's putative bad faith in bringing this claim.  Notably, the jury would already have been exposed to motive and cause evidence at the time it considered Cargill's misappropriation claim if the district court had bifurcated the jury's deliberations as Cargill suggests.  Given a trial court's "broad discretion" over attorney's fees awards under California Civil Code § 3426.4, *FLIR Sys., Inc. v. Parrish*, 95 Cal. Rptr. 3d 307, 313 (Ct. App. 2009), the district court did not abuse its discretion when it allowed the jury to address all of the issues before it in a single round of deliberations.

**AFFIRMED.**