**In re IMPAX LABORATORIES,**
**INC., Petitioner.**

Misc. No. 815.

United States Court of Appeals,
Federal Circuit.

March 2, 2006.

Rehearing Denied March 16, 2006.

Rehearing En Banc Denied
April 13, 2006.

Before MICHEL, Chief Judge,
LOURIE and GAJARSA, Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Impax Laboratories, Inc. petitions for a writ of mandamus to direct the United States District Court for the Southern District of New York to vacate its order that struck Impax's jury trial demand. AstraZeneca AB, Aktiebolaget Hassle, KBI–E, Inc., KBI Inc. and AstraZeneca, LP (AstraZeneca) oppose.

AstraZeneca sued Impax for infringement of its patents. Impax's counterclaims sought declaratory judgments of noninfringement, invalidity, and unenforceability and alleged antitrust violations. Impax timely asserted a demand for a jury trial. By agreement of the parties, the patent issues were to be tried first.

After the pre-trial proceedings in the patent case were completed, AstraZeneca indicated that it would withdraw its request for damages. The district court ruled that Impax thus had no right to a jury trial for the patent issues. Impax moved for reconsideration, which the district court denied.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Impax argues that it is entitled to a jury trial, notwithstanding the withdrawal of AstraZeneca's request for damages, based on our case law. Impax also argues that it is entitled to a jury trial because its antitrust counterclaims and patent counterclaims may share factual issues common to both.

The district court, relying on our decision in *In re Technology Licensing Corp.*, 423 F.3d 1286 (Fed.Cir.2005) (no right to jury trial on declaratory judgment counterclaims if the patentee is not seeking damages), held that Impax was not entitled to a jury trial on the patent issues because the only requested relief was equitable in nature. Regarding the argument that there were issues common to both the antitrust and patent counterclaims, the district court stated that "Impax has failed to cite or allege a single question of fact common to both its severed antitrust counterclaims and the remainder of its claims." The district court further stated that in its opinion, there were no questions of fact common to both proceedings and that any claim construction issues that might arise in both the patent case and the antitrust counterclaims were not issues that would be decided by the jury.

We agree that our decision in *In re Technology Licensing Corp.* supports the district court's determination that Impax was not entitled to a jury trial on its counterclaims regarding the patents. Regarding issues that might be common to the antitrust counterclaims and the patent case, Impax for the first time in this mandamus petition asserts one issue that might be common to both cases. However, because Impax failed to timely raise that issue before the district court, we decline to consider it here. Thus, Impax had not met its burden of showing that its right to issuance of mandamus is clear and indisputable.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.