Filed 7/23/19; Certified for Publication 8/14/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DANIEL PAUL CLIFFORD, | |
| Plaintiff and Respondent, | G055858 |
| v. | (Super. Ct. No. 30-2017-00938829) |
| QUEST SOFTWARE INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Walter P. Schwarm, Judge. Affirmed in part and reversed in part.

Seyfarth Shaw, Jon D. Meer, Kiran Aftab Seldon and Eric W. May for Defendant and Appellant.

Alizadeh Employees Law and Arash N. Alizadeh for Plaintiff and Respondent.

\*          \*          \*

The question posed in this appeal is whether an employee's claim against his employer for unfair competition under Business and Professions Code section 17200[1] (the UCL) is arbitrable. The employee brought various wage and hour claims against his employer, and the employer moved to compel arbitration based on the parties' arbitration agreement. The trial court granted the motion in part and ordered to arbitration every cause of action *except* the employee's UCL claim, which the court concluded was not arbitrable. In so ruling, the court cited without discussion our Supreme Court's holding in *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303 (*Cruz*).

We reverse that portion of the trial court's order. Assuming *Cruz* remains good law — a question we need not answer here — *Cruz* at most stands for the proposition that UCL claims for "public" injunctive relief are not arbitrable. (*Cruz, supra,* at pp. 315-316.) *Cruz* does *not* bar arbitration of a UCL claim for private injunctive relief or restitution, which is precisely what the UCL claim here seeks. The employee's UCL claim therefore is subject to arbitration, along with his other causes of action.

## I.

## FACTS

In 1995, Daniel Clifford began working for Quest Software Inc. (Quest). In 2012, Dell Inc. acquired Quest to form its software division, Dell Software Inc., which hired Clifford as an employee.

In 2015, Clifford participated in Dell's online "Code of Conduct" training course. According to Quest, when Clifford completed the training, he acknowledged that he read and agreed to the terms of Dell's Arbitration Agreement and Dispute Resolution Program.[2]

---

[1]     All further undesignated statutory references are to this code.

[2]     Clifford denies having consented to the arbitration agreement, but assumes for this appeal only that he did so.

The arbitration agreement establishes arbitration as the exclusive method for resolving any employment-related disputes Clifford may have with either his employer or his employer's subsidiaries, which includes Quest. The arbitration agreement expressly applies to claims regarding pay, wages, overtime, meal and rest breaks, and expense reimbursements; claims for unfair competition; and requests for "final injunctive . . . relief" related to those claims.

In 2017, Clifford filed a complaint against Quest for: (1) failure to pay overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to provide accurate wage statements; (5) failure to reimburse for business expenses; and (6) unfair business practices under section 17200. He bases his complaint on his allegation Quest misclassified him as an exempt employee. He did not assert any putative class claims and instead sued Quest solely in an individual capacity.[3]

Quest moved to compel arbitration of Clifford's claims. The trial court found Quest had established the existence of a binding and enforceable arbitration agreement, and it compelled arbitration of Clifford's first through fifth causes of action. However, it denied the motion on the sixth cause of action — his UCL claim — citing without discussion our Supreme Court's decision in *Cruz, supra,* 30 Cal.4th 303. The court stayed the prosecution of that cause of action pending the completion of the arbitration. Quest timely appealed.

## II.

### DISCUSSION

#### A. *Appealability and Standard of Review*

Because an order denying a petition to compel arbitration is appealable, we may review the portion of the trial court's order denying Quest's motion to compel

---

[3] Although Clifford's complaint alleges he "intends to amend the complaint to add claims under the Labor Code Private Attorneys General Act of 2004 (PAGA)," the record includes no such amendment or motion to amend.

3

arbitration of Clifford's UCL cause of action. (Code Civ. Proc., § 1294, subd. (a).)

"When a trial court's order [denying a petition to compel arbitration] is based on a question of law, we review the denial de novo. [Citation.] Decisions on issues of fact are reviewed for substantial evidence. [Citation.]" (*Performance Team Freight Systems, Inc. v. Aleman* (2015) 241 Cal.App.4th 1233, 1239.)

B. *The Arbitrability of UCL Claims and the* Broughton-Cruz *Rule*

The UCL addresses "unfair competition," which "mean[s] and include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law, section 17500]." (§ 17200.) Although the UCL's "purpose 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services'" (*McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 954 (*McGill*)), it also protects employees. (*Alch v. Superior Court* (2004) 122 Cal.App.4th 339, 401.) An employer's unlawful employment practices, such as unlawful discrimination or failure to pay wages, may form the basis for a UCL claim. (See *Sullivan v. Oracle Corp.* (2011) 51 Cal.4th 1191, 1206; *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278, 283.) Only two remedies are available under the UCL: injunctive relief and restitution (i.e., disgorgement of money or property unlawfully obtained). (§ 17203; *Cruz, supra,* 30 Cal.4th at p. 317; *Herr v. Nestlé U.S.A., Inc.* (2003) 109 Cal.App.4th 779, 789, fn. 15 (*Herr*).)

The arbitrability of UCL claims depends on the type of relief the plaintiff seeks. Our Supreme Court held in *Cruz* that UCL claims for *restitution* "are fully arbitrable" (*Cruz, supra*, 30 Cal.4th at pp. 318, 320), but UCL claims for *public injunctive relief* cannot be arbitrated (*id.* at pp. 315-316). If a plaintiff's UCL cause of action includes both arbitrable and inarbitrable claims, such as a request for restitution and a request for public injunctive relief, the trial court must sever the cause of action, order the arbitrable portion to arbitration, and stay the inarbitrable portion pending the

4

completion of arbitration. (*McGill*, 2 Cal.5th at p. 966; *Cruz, supra,* 30 Cal.4th at p. 320.)

In concluding UCL claims for "public" injunctive relief cannot be arbitrated, the *Cruz* court relied in large part on its earlier holding in *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066 (*Broughton*). The *Broughton* plaintiffs sued Cigna under the Consumers Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.), which protects consumers against deceptive business practices, and they sought damages and injunctive relief based on Cigna's allegedly deceptive advertising methods. (*Broughton, supra,* at p. 1072.) Our Supreme Court held their CLRA damages claim was arbitrable because "[s]uch an action is primarily for the benefit of a party to the arbitration, even if the action incidentally vindicates important public interests." (*Id.* at p. 1084.) But it held the CLRA injunction claim was *not* arbitrable because the plaintiffs were "functioning as a private attorney general, enjoining future deceptive practices on behalf of the general public." (*Id.* at pp. 1079-1080.)

The *Broughton* court explained there is an "'inherent conflict'" between the underlying purpose of the CLRA's injunctive relief remedy and private arbitration: injunctive relief under the CLRA "is for the benefit of the general public rather than the party bringing the action," and private arbitration is not well suited to issuing or enforcing public injunctions. (*Broughton*, *supra,* 21 Cal.4th at pp. 1081-1082.) Because "the judicial forum has significant institutional advantages over arbitration in administering a public injunctive remedy," the *Broughton* court concluded CLRA claims for "public" injunctive relief are not arbitrable because the injunction's benefit to the public would be frustrated if the remedy were entrusted to arbitrators. (*Id.* at pp. 1079-1082.)

Four years later, in *Cruz*, our Supreme Court extended that same reasoning to claims for "public" injunctive relief under the UCL. (*Cruz, supra*, 30 Cal.4th at pp. 315-316.) The plaintiffs in *Cruz* alleged PacifiCare had fraudulently induced its

customers to enroll in health care programs while at the same time discouraging primary care physicians from providing services to enrollees, and they sought injunctive and monetary relief under section 17200, which prohibits unfair business practices, and section 17500, which prohibits untrue or misleading statements designed to mislead the public. As in *Broughton*, the *Cruz* court held the claims for restitution were arbitrable because any public benefit from that relief would be "incidental to the private benefits obtained from those bringing the restitutionary or damages action." (*Id.* at p. 318.) But it found "the request for injunctive relief [was] clearly for the benefit of health care consumers and the general public" and therefore not arbitrable. (*Id.* at p. 315.)

These two cases generated what is often called the *Broughton-Cruz* rule: "[a]greements to arbitrate claims for public injunctive relief under the CLRA, the UCL, or the false advertising law are not enforceable in California." (*McGill, supra,* 2 Cal.5th at p. 956.) In other words, a plaintiff's claim for "public" injunctive relief under the CLRA or the UCL must be determined in a judicial forum, not in arbitration.

Importantly, the *Broughton-Cruz* rule distinguishes between public injunctive relief and private injunctive relief, and it *only* bars arbitration of claims for public injunctive relief. (*McGill, supra,* 2 Cal.5th at p. 955; see *Cruz, supra*, 30 Cal.4th at p. 315 [declining to decide whether a UCL claim for injunctive relief designed primarily to rectify individual wrongs is arbitrable]; *Broughton*, *supra*, 21 Cal.4th at p. 1081, fn. 5 [declining to decide whether a CLRA claim for private injunctive relief is arbitrable].) "[P]ublic injunctive relief under the UCL, the CLRA, and the false advertising law is relief that has 'the primary purpose and effect of' prohibiting unlawful acts that threaten future injury to the general public. [Citation.] Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." (*McGill, supra,* 2 Cal.5th at p. 955.)

Because the *Broughton-Cruz* rule does not apply to claims for private injunctive relief, a plaintiff's request for private injunctive relief under the UCL *is* arbitrable, assuming the arbitration agreement is otherwise valid and enforceable. (*Kilgore v. KeyBank, NA* (9th Cir. 2013) 718 F.3d 1052, 1061 (*Kilgore*).) In *Kilgore*, for example, students of a defunct flight school who had obtained student loans from KeyBank brought a putative class action under the UCL to enjoin KeyBank from reporting loan defaults to credit agencies and from enforcing notes against them. (*Id.* at p. 1056.) The Ninth Circuit found their claims were arbitrable because their claims did "not fall within [the] purview" of the *Broughton-Cruz* rule. (*Id.* at p. 1060.) The court explained *Broughton-Cruz* only bars arbitration when the benefits of the requested injunctive relief would accrue "'to the general public in danger of being victimized by the same deceptive practices as the plaintiff suffered.'" (*Ibid.* [citing *Broughton*].) It then reasoned the students' claim for injunctive relief did not fall within that "'narrow exception'" because the requested relief "plainly would benefit only the approximately 120 putative class members." (*Id.* at p. 1061.) It explained: "The central premise of *Broughton-Cruz* is that 'the judicial forum has significant institutional advantages over arbitration in administering a public injunctive remedy, which as a consequence will likely lead to the diminution or frustration of the public benefit if the remedy is entrusted to arbitrators.'" (*Ibid.*) That concern was "absent" in *Kilgore*, in large part because "the class affected by the alleged practices [was] small" so there was "no real prospective benefit to the public at large from the relief sought." (*Ibid.*)

In recent years, several courts have concluded the Federal Arbitration Act (FAA) (9 U.S.C. §§ 1 et seq.), which mandates the enforcement of certain arbitration agreements, preempts the *Broughton-Cruz* restriction on arbitrability. (See, e.g., *Ferguson v. Corinthian Colleges, Inc.* (9th Cir. 2013) 733 F.3d 928, 930 ["we conclude that the *Broughton-Cruz* rule is preempted by the [FAA]"]; *Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1136 [*Broughton-Cruz* rule "is in conflict

7

with the FAA"]; see also *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 341 [FAA preempts any "state law [that] prohibits outright the arbitration of a particular type of claim"].)  Our Supreme Court has not yet weighed in on the FAA preemption issue and in fact declined the opportunity to do so in 2017.  (See *McGill*, *supra*, 2 Cal.5th at pp. 953, 954, 956 [after granting review of appellate court's finding that FAA preempted *Broughton-Cruz*, court determined *Broughton-Cruz* was "not at issue in this case" and expressly declined to address the preemption issue].)

C.     *Application*

We must decide what impact, if any, *Broughton-Cruz* has on the arbitrability of Clifford's UCL cause of action, which seeks both injunctive relief and restitution.  As noted, the trial court concluded *Cruz* renders the entire UCL claim inarbitrable.  According to Quest, Clifford's injunctive relief claim only seeks private injunctive relief, so *Broughton-Cruz* does not render his injunctive relief claim inarbitrable.  Quest further contends *Broughton-Cruz* mandates at a minimum arbitration of Clifford's UCL claim for restitution.  Alternatively, Quest argues the FAA applies and preempts *Broughton-Cruz*.  Clifford contends the injunctive relief portion of his UCL claim seeks "public" injunctive relief and thus is inarbitrable under *Broughton-Cruz*, and Quest waived any argument that the restitution portion of his UCL claim is severable from the inarbitrable portion of his UCL claim by failing to make that argument below.

We need not decide whether the FAA applies or whether it preempts *Broughton-Cruz* because, even if *Broughton-Cruz* is still viable, it would not bar the arbitration of any portion of Clifford's UCL claim.  As we explain below, Clifford's UCL claim seeks only private injunctive relief and restitution, and thus does not fall within the purview of *Broughton-Cruz*'s restriction on the arbitrability of UCL claims for *public* injunctive relief.

The private nature of Clifford's UCL claim is immediately evident from the face of his complaint.  In describing Quest's alleged acts of unfair competition, Clifford's

complaint repeatedly refers to wage and hour violations directed at *Clifford only*, such as Quest's "failures to pay *Plaintiff* all earned overtime and premium-pay wages," Quest's failure "to reimburse *Plaintiff* for all necessary expenditures or losses incurred by *Plaintiff*," Quest's failure "to provide *Plaintiff* suitable lockers, closets, or equivalent," Quest's "underreporting to federal and state authorities wages earned by *Plaintiff*," and Quest's act of "exploiting *Plaintiff* by taking *his* labor without lawful compensation." (Italics added.) Clifford does not allege Quest directed similar conduct at other employees, much less the public at large.

Clifford's requests for injunctive relief under the UCL are similarly limited to him as an individual. He alleges Quest's "unfair business practices entitle *Plaintiff* to seek preliminary and permanent injunctive relief, including but not limited to orders that [Quest] account for, disgorge, and restore to *Plaintiff* all compensation unlawfully withheld." (Italics added.) He "further requests that a receiver be appointed to control and monitor all of the business affairs of [Quest] to ensure compliance with applicable wage-and[-]hour-laws of the State of California and to ensure that full restitution is made to *Plaintiff* of his owed and unpaid compensation." (Italics added.) Finally, he "requests that the Court issue a preliminary injunction against [Quest] to prevent [it] from committing further violations of the Labor Code and the unfair business practices alleged herein." The only express beneficiary of Clifford's requested injunctive relief is Clifford, and the only potential beneficiaries are Quest's current employees, not the public at large.

These allegations confirm Clifford's UCL claim for injunctive relief is private in nature. As our Supreme Court recently explained, injunctive relief that "primarily 'resolve[s] a private dispute' between the parties" and "'rectif[ies] individual wrongs'" is private, not public, relief. (*McGill, supra,* 2 Cal.5th at p. 955 [citing *Broughton*].) Clifford's UCL claim does exactly that — it seeks to resolve a private dispute between him and his employer over his employer's act of allegedly misclassifying him as an exempt employee resulting in several Labor Code violations.

9

That dispute is inherently distinguishable from the misleading advertising practices at issue in *Broughton* and *Cruz* because those practices directly impacted the public at large and the public stood to benefit from injunctive relief. Because Clifford's UCL claim does not seek public injunctive relief, it is not subject to the *Broughton-Cruz* restriction on arbitrability of public injunctive relief claims. (*Kilgore, supra,* 718 F.3d at p. 1061.)

Clifford contends his UCL claim is public in nature because his complaint alleges Quest "reaped unfair benefit, illegal competitive advantage, and illegal profit at the expense of Plaintiff *and other current and former employees, competitors, and the general public*" and "should be made to disgorge [its] ill-gotten gains and restore such monies to Plaintiff *and to those other current and former employees* as restitution." (Italics added.)

There are several flaws with Clifford's argument. First, the complaint's references to Quest's other employees appears in the portion of Clifford's UCL claim seeking *restitution*, not the part seeking injunctive relief, so it does not render his claim for injunctive relief "public" in nature. Our review of Clifford's complaint discloses no request for injunctive relief that would impact the public. Second, even if Clifford's requested injunctive relief would benefit Quest's current employees, it is not "public" injunctive relief as defined in *Broughton* and *Cruz*. As the Supreme Court recently observed in *McGill*, "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—*or to a group of individuals similarly situated to the plaintiff*—does not constitute public injunctive relief" under *Broughton-Cruz*. (*McGill, supra,* 2 Cal.5th at p. 955, italics added.)

Clifford also contends his intent to add a PAGA claim confirms his UCL claim is public in nature. This argument is also without merit. First, the record discloses no such amendment to his complaint. Second, the addition of a PAGA claim would not impact Clifford's existing UCL claim. PAGA enables an aggrieved employee to bring a representative action on behalf of himself, other employees, and the State to recover civil

10

penalties for an employer's Labor Code violations. (Lab. Code, § 2698, et seq.; see *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 379.) A PAGA claim may be asserted in the same complaint as a UCL claim (Lab. Code, § 2699, subd. (g)(2)), but it would be evaluated independently of the UCL claim. In other words, the addition of a seventh cause of action asserting a PAGA claim would not change the fact that Clifford's sixth cause of action under the UCL does not seek public injunctive relief.

Finally, Clifford cites to his complaint's allegation that he "*acts in the public interest* by exposing [Quest's] unfair business practices and seeking injunctive relief to remedy those practices" as further evidence his UCL injunctive relief claim is public in nature. (Italics added.) We are not persuaded. The public certainly has an interest in securing an employer's compliance with wage and hour laws. (See *Dynamex Operations West, Inc. v. Superior Court* (2018) 4 Cal.5th 903, 913 [employer that misclassifies workers as independent contractors would have "unfair competitive advantage . . . over competitors that properly classify similar workers as employees"]; *Herr, supra,* 109 Cal.App.4th at p. 790 ["an employer which fails to pay overtime wages gains an unfair advantage over its competitors"].) But that public interest and any incidental benefit to the public from ensuring Quest's compliance with wage and hour laws do not transform Clifford's private UCL injunctive relief claim into a public one under the definitions of public and private injunctive relief articulated by our Supreme Court in *Broughton, Cruz,* and *McGill.* Under those definitions, an employee's request for an injunction requiring his employer to comply with the Labor Code is indisputably private in nature.

To summarize, Clifford's claim for injunctive relief under the UCL falls outside the *Broughton-Cruz* restriction on arbitrability because Clifford only seeks private injunctive relief, not "public" injunctive relief as defined in *Broughton, Cruz,* and *McGill.* The portion of his UCL claim seeking injunctive relief therefore is arbitrable,

11

even if *Broughton-Cruz* remains good law and is not preempted by the FAA (a point we do not decide here).

The portion of Clifford's UCL claim seeking restitution is also arbitrable because the *Broughton-Cruz* bar on arbitrability only applies to claims for public injunctive relief, not to UCL claims for restitution. (*Cruz*, *supra*, 30 Cal.4th at pp. 318, 320.)

Accordingly, Clifford's entire UCL claim is subject to arbitration along with his other causes of action.

III.

DISPOSITION

We reverse the portion of the trial court's order denying Quest's motion to compel arbitration of Clifford's sixth cause of action and staying the prosecution of that cause of action pending the completion of the arbitration. The court is directed to compel the sixth cause of action to arbitration. The order is otherwise affirmed. Quest shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.


12

Filed 8/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DANIEL PAUL CLIFFORD, | |
| Plaintiff and Respondent, | G055858 |
| v. | (Super. Ct. No. 30-2017-00938829) |
| QUEST SOFTWARE INC., | O R D E R |
| Defendant and Appellant. | |

Appellant, Quest Software, Inc., and nonparties Horvitz & Levy and the California Employment Law Council and the Employers Group have requested that our opinion filed on July 23, 2019, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

ARONSON, J.

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.