**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVE KRAMER,

        Plaintiff-Appellant,

v.

ENTERPRISE HOLDINGS, INC.,

        Defendant-Appellee.

No.   19-16354

D.C. No. 3:19-cv-00979-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 13, 2020[**]
San Francisco, California

Before: FERNANDEZ, WARDLAW, and COLLINS, Circuit Judges.

Steve Kramer appeals the district court's order granting Enterprise Holdings,

Inc.'s (Enterprise) motion to compel arbitration and dismissing the case. Kramer

filed this class action complaint in California superior court, alleging that

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Enterprise improperly stored personal data from class members' cell phones and other mobile devices when they paired their devices with their rental cars. Enterprise removed the case to the district court and moved to compel arbitration based on an arbitration agreement that was within the applicable agreement governing car rentals. The district court concluded that the claims were arbitrable and granted the motion. Kramer argues on appeal that the arbitration agreement is unenforceable because it denies him the right to seek public injunctive relief under California law. We affirm.

The Federal Arbitration Act (FAA) established a public policy favoring arbitration. It requires courts to enforce contracts agreeing to arbitrate disputes between parties to the same extent as any other contract. *See* 9 U.S.C. § 2. California law, however, forbids a contract agreement from forcing a party to waive the right to seek public injunctive relief in any forum. *McGill v. Citibank, N.A.*, 393 P.3d 85, 87 (Cal. 2017). The "*McGill* rule" is a generally applicable contract defense and is not preempted by the FAA. *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 827–31 (9th Cir. 2019).

The California Supreme Court defines public injunctive relief as "relief that 'by and large' benefits the general public and that benefits the plaintiff, 'if at all,' only 'incidental[ly]' and/or as 'a member of the general public.'" *McGill*, 393 P.3d

2

at 89 (citations omitted). The key distinguishing factor between public and private injunctive relief is whether a plaintiff's requested injunction "has 'the primary purpose and effect of' prohibiting unlawful acts that threaten future injury to the general public" as opposed to "redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff." *Id.* at 90. California courts scrutinize plaintiffs' injunction requests to determine if they are seeking public injunctive relief. *See, e.g.*, *id*. at 90–91; *Clifford v. Quest Software Inc.*, 251 Cal. Rptr. 3d 269, 277–79 (Ct. App. 2019).

Kramer's complaint does not seek public injunctive relief within the meaning of *McGill*. The complaint is specific in requesting damages for him and his proposed class, but it only asks in general terms "for any and all injunctive relief the Court deems appropriate." This requested remedy can easily be satisfied with private injunctive relief that has the "effect of redressing or preventing injury" to Kramer and his proposed class rather than the general public. *See McGill*, 393 P.3d at 90. Thus, his claims must proceed in arbitration.[1]

**AFFIRMED.**

---

[1]Because we decide this case on this ground, we need not and do not consider the parties' remaining arguments on appeal. Kramer also does not argue on appeal that the district court erred by not granting him leave to amend—his mere allusion to the possibility of amendment does not suffice. *See Alcock v. Small Bus. Admin. (In re Alcock)*, 50 F.3d 1456, 1461 n.9 (9th Cir. 1995).