**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEREK SNARR, on behalf of himself, the general public, and those similarly situated, | No. 19-17441 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-03610-SK |
| v. | MEMORANDUM[*] |
| HRB TAX GROUP, INC.; HRB DIGITAL LLC, | |
| Defendants-Appellants, | |
| and | |
| H&R BLOCK, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted November 17, 2020
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit Judges.

Defendants (collectively "HRB") appeal the district court's denial of HRB's motion to compel arbitration. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1), and we affirm. Because the parties are familiar with the history of the case, we need not recount it here. We review the denial of a motion to compel arbitration de novo. *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 824 (9th Cir. 2019).

I

The district court did not err in denying HRB's motion to compel arbitration. "In determining the validity of an agreement to arbitrate, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Under California law, a contract is unenforceable when it entirely waives the right to seek public injunctive relief under any of the three consumer-protection statutes that make up Snarr's causes of action. *See McGill v. Citibank, N.A.*, 393 P.3d 85, 93–94 (Cal. 2017). The agreement between HRB and Snarr requires arbitration of almost all claims and states that any relief in arbitration "must be individualized to

2

you and will not affect any other client," in addition to waiving all representative claims or private attorney general actions in any forum. The agreement, therefore, waives the right to seek public injunctive relief in any forum.

On appeal, HRB does not contest that the agreement waives the right to public injunctive relief. Instead, HRB argues that Snarr's requested relief does not constitute public injunctive relief. We disagree.

Under California law, public injunctive relief is relief "that has 'the primary purpose and effect of' prohibiting unlawful acts that threaten future injury to the general public." *McGill,* 393 P.3d at 90 (quoting *Broughton v. Cigna Healthplans*, 988 P.2d 67, 74 (Cal. 1999)). By contrast, "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." *Id.*

Snarr alleges that HRB violated three California consumer-protection statutes—the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and the false advertising law, *id.* §§ 17500 et seq.—based on HRB's marketing and operating of its publicly-accessible tax-filing webpages. He seeks to generally enjoin future violations of those statutes, in addition to describing

3

specific terms for injunctive relief to remedy HRB's allegedly misleading web services and advertising.

There is no principled distinction to be drawn between the relief requested here and that requested in *McGill* and related California cases involving public injunctive relief. These cases hold that relief which enjoins deceptive practices directed at the public is public injunctive relief. *See McGill*, 393 P.3d at 91; *Cruz v. PacifiCare Health Sys., Inc.*, 66 P.3d 1157, 1164–1165 (Cal. 2003), *Broughton*, 988 P.2d at 76–77 & n.5 (Cal. 1999). In *Blair*, we similarly held that relief was public when it enjoined future violations of the UCL and CLRA related to pricing. 928 F.3d at 831 n.3. The relief sought in this case would affect allegedly deceptive practices that aim to lure members of the public to use and pay for HRB's services, and the relief will benefit Snarr only incidentally. *See Broughton*, 988 P.2d at 76 n.5.

HRB's unpersuasively argues that the injunctive relief is private because it benefits only a group similarly situated to the Plaintiff, specifically those who both use HRB's web services and are eligible for its IRS-affiliated free file service. No California authority supports construing the beneficiaries of this type of injunctive relief so narrowly. In *McGill*, for example, the California Supreme Court concluded that enjoining deceptive marketing under these statutes was public,

4

rather than benefitting only a group of people who use that bank's services. *McGill*, 393 P.3d at 91; *see also Mejia v. DACM Inc.*, 268 Cal. Rptr. 3d 642, 650–51 (Cal. Ct. App. 2020) (rejecting as "illogic[al]" the argument that requiring a defendant to give disclosure forms when selling vehicles would benefit only "the class of similarly situated individuals who . . . would buy a motorcycle from [the defendant]" under the same type of contract).  Nor do the eligibility requirements for the IRS-affiliated free-filing service—whether publicly published or not—change the public nature of the relief, just as the eligibility requirements that were likely required for the credit card account in *McGill* did not.  *McGill*, 939 P.3d at 91; *see also Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1258–59 (N.D. Cal. 2019) (explaining why relief benefitting a subset of the public is still public injunctive relief).

*Clifford v. Quest Software Inc.*, 251 Cal. Rptr. 3d 269 (Cal. Ct. App. 2019), is not to the contrary, as HRB suggests.  There, the California Court of Appeal expressly noted the private nature of the relief sought—to remedy wage violations between an employee and employer—whereas the relief sought here concerns marketing to the public.  *Id.* at 276–77.

II

HRB's argument that the Federal Arbitration Act preempts California's *McGill* rule is foreclosed by binding circuit precedent. *Blair*, 928 F.3d at 830–31 ("We hold that the FAA does not preempt the *McGill* rule."). HRB's argument that the public injunctive remedy should be severed from the other remedies is also foreclosed by *Blair*. *Blair* involved very similar severability language and held that the entire claim under the statute must be severed from arbitration, rather than just the public injunctive remedy. 928 F.3d at 831.

III

For the first time on appeal, HRB alleges that it has voluntarily ended its IRS-affiliated filing service, and that this cessation renders Snarr's request for public injunctive relief moot. On that basis, HRB argues that we should reverse the district court's order denying the motion to compel arbitration. HRB does not claim that Snarr's entire lawsuit is moot such that we lack Article III jurisdiction; its argument instead goes to the merits of the district court's denial. Our consideration of the issue is, therefore, discretionary. *See AlohaCare v. Hawaii, Dep't of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009) (describing factors to consider when deciding to address an issue raised for the first time on appeal).

We have noted that "[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019) (alteration original) (quoting *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014)). But evaluating voluntary cessation is fact-intensive. *See Rosebrock*, 745 F.3d at 972 (describing some factors to consider in deciding mootness based on voluntary cessation). This issue was not presented to the district court and there is no factual record before us. In addition, some part of the public injunction sought by Snarr may still be available even without HRB offering an IRS-affiliated service, based on the complaint's allegations that HRB's advertising of its own tax services includes false and misleading statements in violation of the three statutes. In light of these complexities, we decline to address this issue presented for the first time on appeal. We do not preclude HRB from presenting this argument to the district court in the first instance.

**AFFIRMED.**